## LEWIS KAMP

### v.

## THE BRANCH CROOKS SAW COMPANY.

*Negotiable Instruments—Note.*

In an action brought upon a promissory note given under a certain contract, whereby the payees agreed to indemnify the maker against liability as guarantor of certain bonds, defendant setting up the non-performance of the condition of the indemnifying bond, this court holds that such defense, if true, would be no defense to the case presented; that the demurrer to said plea was properly sustained; that there is nothing in the error assigned as to the manner of entering judgment herein, and that the same must stand.

[Opinion filed June 26, 1893.]

APPEAL from the County Court of Wabash County; the Hon. H. J. HENNING, Judge, presiding.

Mr. M. F. HOSKINSON, for appellant.

Messrs. MUNDY & ORGAN, for appellee.

MR. JUSTICE GREEN. The bill of exceptions does not purport to contain all the evidence introduced by both parties during the trial, hence the only errors assigned that we can rule upon, are the first and third. The first error assigned is:

" The court erred in sustaining the plaintiff's demurrer to the third plea. The plea avers that the note sued on was made

by defendant in consideration of the giving of an indemnifying bond by the payee and others, to defendant and others, who, as guarantors, were liable for the payment of eight bonds of $5,000 each, issued by the Standard Manufacturing Company of Mt. Carmel, Illinois. That by the condition of said indemnifying bond the obligors were to pay the eight bonds, if the corporation failed to do so, and were to indemnify said guarantors against the payment thereof. That $15,000, principal and interest of said bonds is due, and the obligors in the indemnity bond failed and refused to pay the same, by reason of which failure suit was brought on said corporation bonds. That said suit is still pending, and appellant is one of the defendants.

By the averments of this plea it is manifest the payment of the note was not made dependent upon the performance of the condition in the indemnity bond, or that a failure to fulfil such condition should release the maker.

The execution and delivery of the bond to said guarantors and the risk and burden assumed by the obligors, was the consideration for the note, and is still retained by appellant and his co-guarantors. If a judgment is rendered for plaintiffs in the suit on the corporation bonds, and the obligors in the indemnity bond fail to perform the condition, and the obligees are thereby damnified, the latter can maintain a suit and recover their damages for the breach of such condition. The averments of the plea set up no legal defense to the note sued on, and the demurrer was properly sustained. The third error assigned is: "The court erred in entering judgment for the amount found due on the note, and the amount found due as attorney's fees separately."

As we understand the record, the judgment entered is an entirety for the sum of $268.75, made up of two items: $245.83, the amount found to be due on the note, and $22.90 for attorney's fees. The judgment is for a sum certain, and the payment of that sum would discharge appellant from all liability in respect of the cause of action set up in the declaration.

The third error is not well assigned and the judgment is affirmed.                                           *Judgment affirmed.*